Allen *v.* Sanders.

Theodore Allen et al., appellants,

*v.*

Elizabeth Sanders, respondent.

The right of sureties to be relieved from responsibility for the future acts or defaults of administrators or guardians is absolute, and, on a proper application, must be granted. Where, however, the sureties do not appear on the day set by the court for the hearing, their application may be treated as abandoned, and may be dismissed.

On appeal from decree of Somerset orphans court.

*Mr. John Schomp,* for appellants.

*Mr. J. J. Bergen,* for respondent.

The Ordinary.

The sureties of Elizabeth R. Sanders, a guardian appointed by the orphans court of Somerset county, desiring to be released from responsibility on account of her future acts or defaults, made application to that court for relief, under the 124th section of the orphans court act. *Rev. 779.* The court thereupon cited her, according to the provisions of that section. She filed her account pursuant to the citation, and it was settled. By it, she appeared not to be indebted to her ward, but, on the contrary, there was a balance due her. The orphans court, after passing the account, made an order denying the prayer of the petition, with costs. From that order the sureties appealed to this court. The section above referred to is part of the act of March 1st, 1859 (*P. L. of 1859 p. 74*), repealed in the revision. By that act, provision was made for the relief of sureties. Its provisions are incorporated in the 124th and 126th sections of the revised orphans court act. By the 124th section, the court is, when the application is made, to cite the executor, administrator or guard-

ian, not only to state and settle his or her account, but also to give new sureties, in the usual form, for the discharge of his or her duties. By the 4th section of the act of 1859, above mentioned, it was provided that if the executor, administrator or guardian should not, on the return of the citation or within such reasonable time as the court should allow, state and settle his account, and give new sureties to the satisfaction of the court, the court should, by order or decree, revoke the letters testamentary, of administration or guardianship, and appoint some other person in his stead. That provision is substantially embodied in the 126th section of the revised act, which provides that if any executor, administrator or guardian neglects or refuses to obey or perform an order of the orphans court requiring him to file an inventory or account, or give security, the court may revoke his letters and remove him from office. The object of the 124th section is to enable sureties to obtain relief from responsibility for future acts or defaults, by the means provided by that section, and it is made the duty of the court, on the application, to require the executor, administrator or guardian, by citation, not only to state and settle his account, but to give new sureties. If, on being so cited, he shall not give such new sureties, it is the duty of the court to order him to do it, and if he neglects or refuses to obey the order, it is its duty to revoke his letters and remove him. The sureties' right to relief does not depend on the exercise of the discretion of the court, but it is an absolute right which the court is bound to secure. In this case the guardian in fact had never accounted, though she had been in office for many years.

It appears, however, from the record, that the sureties did not appear on the day for which the hearing of the matter was set down by the court, and the court therefore denied the prayer of the petition. The court properly treated the application as abandoned. It should not, however, under the circumstances, have imposed the payment of costs on the sureties. The decree will, therefore, be reversed as to the costs, but otherwise affirmed, with costs.